122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy SMOTHERMON, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Commissioner of the
Social Security Administration, Defendant-Appellee.
 No. 96-56265.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.***
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Marilyn L. Huff, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Smothermon appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration ("the Commissioner") in Smothermon's action seeking disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's summary judgment upholding denial of social security benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Therefore, we must independently determine whether the administrative law judge's ("ALJ") decision is supported by substantial evidence and free of legal error. See id.
 
 
 4
 Smothermon contends that: (1) the hypothetical posed to the vocational expert ("VE") failed to set out all of Smothermon's limitations, and (2) the VE's testimony deviated from the job descrip:ions contained in the Dictionary of Occupational Titles ("DOT") without proper justification. Those contentions lack merit.
 
 
 5
 First, if a claimant is unable to perform his previous work, the Commissioner must "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform." See Johnson v. Shalala 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by eliciting testimony from a VE in response to a hypothetical that sets out all the claimant's limitations. See Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995).
 
 
 6
 Here, the AL expressly adopted the opinion of the medical expert.[1] The AU then posed a hypothetical to the VE without specifying that Smothermon be placed in a "more routine, nondemanding, extremely supportive environment," as suggested by the medical expert. See id. However, the hypothetical contained numerous functional limitations that prescribed that Smothermon be placed in a routine, low-stress environment. For example, the hypothetical stated that Smothermon had "[m]oderate limitation of social functioning," "problems with concentration, persistence and pace," "[m]arked limitation of tolerance to stress[,][a]nd marked inability to adapt to complex situations." Accordingly, the hypothetical properly set forth Smothermon's limitations.
 
 
 7
 Second, an ALJ may rely on expert vocational testimony that deviates from the job descriptions contained in the DOT as long as the record contains persuasive evidence to justify the deviation. See Johnson, 60 F.3d at 1435.
 
 
 8
 Here, the VE testified that Smothermon could perform such jobs as file clerk and administrative support. Although the DOT indicates that these positions require vocational preparation, the VE specifically stated that she was including only those positions that she considered unskilled in light of Smothermon's past relevant work as a probation officer. Therefore, to the extent the VE deviated from the DOT, the deviation was justified. See id.
 
 
 9
 Accordingly, the ALJ's decision was supported by substantial evidence. See Smolen, 80 F.3d at 127S.
 
 
 10
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Smothermon concedes that the medical expert's opinion is consistent with the medical evidence of record